UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
J & J SPORTS PRODUCTIONS, INC.                    Case No. 07 CIV 6911
As Broadcast Licensee of the JUNE 5,2004
DeLaHoya/Sturm Program,          Plaintiff        JUDGE STANTON

                                                  **DEMAND FOR BILL**
             - against -                          OF PARTICULARS

HECTOR M. RODRIGUEZ, Individually, and as an
officer, director, shareholder and/or principal of
PUERTO RICAN NATURAL RESTAURANT INC.,
d/b/a PUERTO RICAN NATURAL RESTAURANT,
and PUERTO RICAN NATURAL RESTAURANT
INC., d/b/a PUERTO RICAN NATURAL RESTAURANT,
                                         Defendants
------------------------------------------------------------------x


LONSTEIN LAW OFFICE, PC
1 Terrace Hill: PO Box 351
Ellenville, NY 12428

S I R S:

     PLEASE TAKE NOTICE that you are required to serve upon the undersigned, pursuant to Rule 26(a)(1)(E), within thirty (30) days from receipt hereof, the following particulars of plaintiff's alleged cause of action:

1. the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;
2. Set forth, in detail, how the allegations contained in the complaint occurred.
3. State any name used by each plaintiff other than that specifically stated above.
4. The date, time of day of the claimed occurrence and its exact location.
5. Set forth a statement of the acts or omissions constituting the willful violation of 47USC §605(a) claimed as they allegedly relate to this defendant.

6. State, by section and title, statutes, regulations, rules, ordinances and any other laws it will be claimed were violated by this specific defendant.

7. State with exactitude how Plaintiff arrived at the amount of damages claimed in 47USC §605(e)(3)©(i)(II) and (ii).

8. State with exactitude the award demanded in 47USC §605.

9. State the occupation, employment or trade of the plaintiff setting forth: The names, Social Security Number, employer, if any, direct supervisor of all police officers, whether they were employed duties were as undercover, investigator, or any other means authorized to conduct the alleged investigation alleged in the complaint.

10. State with exactitude the manner by which any evidence was obtained from the defendants and whether direction of travel of the plaintiff at the time of the occurrence.

11. Set forth any other damages or loss which plaintiff claims has been sustained as a result of the alleged occurrence.

THE DEFENDANT reserves the right to supplement and/or request additional particulars as may be necessary

PLEASE TAKE FURTHER NOTICE, that in the event of plaintiff's failure to comply with the foregoing demand within thirty (30) days, the defendants will move to preclude the offering of any evidence as to the matters herein demanded.

Dated: August 22, 2007

SAMUEL VIRUET, ESQ.
Attorney for Defendant
191 E. 161 St.
Bronx, NY 10451
(718) 588-6400

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
J & J SPORTS PRODUCTIONS, INC.                Case No. 07 CIV 6911
As Broadcast Licensee of the JUNE 5,2004
DeLaHoya/Sturm Program,        Plaintiff     JUDGE STANTON

                                              **DEMAND FOR**
                                              **DISCOVERY**
              - against -

HECTOR M. RODRIGUEZ, Individually, and as an
officer, director, shareholder and/or principal of
PUERTO RICAN NATURAL RESTAURANT INC.,
d/b/a PUERTO RICAN NATURAL RESTAURANT,
and PUERTO RICAN NATURAL RESTAURANT
INC., d/b/a PUERTO RICAN NATURAL RESTAURANT,
                                Defendants
------------------------------------------------------------------x

LONSTEIN LAW OFFICE, PC
1 Terrace Hill: PO Box 351
Ellenville, NY 12428

S I R S :

PLEASE TAKE NOTICE, that pursuant to FRCP Rule 34, et. al., plaintiff is hereby required to produce, furnish and permit discovery by the defendant, their attorneys, or representatives, the following items and/or documents for inspection within 14 days from the date of this Notice at 10 o'clock in the forenoon at the office of defendant's attorneys.

These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan. In ruling on the objection, the court must determine what disclosures--if any--are to be made, and set the time for disclosure.

Note that any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. A party must make its initial disclosures based on

6

the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

1. The names and addresses of each person claimed by any party you represent, to be a witness to the occurrence complained of; and in addition thereto, any witness to the claimed acts, omissions or conditions which allegedly caused the accident alleged in the Complaint. If no such witnesses are known to the plaintiffs, so state in reply to this demand.

2. Every statement, written or recorded or otherwise, made by or taken from each such party represented by the undersigned and his, her, or its agents, servants, or employees now in your possession, I custody or control or in the possession, custody or control of any party you represent in this action if such statement in any manner bears on the issues in this action.

3. A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims by plaintiff.

4. A detailed computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

5. Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

6. Duly executed and acknowledged written authorizations allowing defendants to obtain the complete contracts used by plaintiff and any other third parties for the sole distribution of the DeLaHoya/Sturm program alleged in ¶12 of the complaint.

7. All photographs used by means of digitized, video or any other electronic and/or mechanical recording device supporting the allegations contained in the complaint.

10. If the plaintiff is self-employed, provide copies of plaintiffs Federal, State and City Income Tax Returns for the period commencing three years prior to the alleged occurrence through the current tax year.
11. All documents, records, bills, invoices, receipts or canceled checks concerning identification, payment and reimbursement, in whole or in part, which plaintiff has received from collateral sources, including, but not limited to, benefit programs for the cost of medical, custodial and rehabilitation services, loss of earnings and other economic loss which the plaintiffs will claim as special damages in this action; and in the event plaintiff recovers judgment against defendants, the amount of such judgment be reduced by such amounts that may be established on trial.
12. Names and addresses of each and every personnel, camera operator, film editor, livery services which have conveyed plaintiffs and whose services allegedly were necessitated as a result of allegations alleged in the complaint.
13. Any written report of the subject accident prepared in the regular course of business operation or practices of any person, firm, corporation, association or other public or private entity.
14. Copies of transcripts or records of all examinations before trial and statutory hearings heretofore conducted.
15. Copies of any purported or lawful liens against the plaintiff's recovery.
16. Photographs under the control of the plaintiffs or plaintiff's counsel showing the accident situs before, during and after the alleged occurrence.
17. Photographs under the control of the plaintiffs or plaintiff's counsel corroborating the allegations in the complaint.
18. Disclosure of Expert Testimony: In addition to the disclosures demanded herein, defendant demands that plaintiff disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.

The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Specifically, defendant demands the identify each person plaintiff expects to call as an expert witness at trial and state the Qualifications of each such expert, stating in detail the subject matter on which each expert is expected to testify, the facts and opinions on which each expert is expected to testify.

Provide a summary of the grounds for each expert's opinion including the dates of all reports provided by the expert to the attorney.

PLEASE TAKE FURTHER NOTICE that the foregoing are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to this demand. The undersigned will move to preclude said items not so provided and/or object upon the trial of this matter to the testimony and/or introduction of any items sought herein.

PLEASE TAKE FURTHER NOTICE that failure to timely respond to this Notice of Discovery and Inspection and Combined Demands will result in application to the Court for appropriate sanctions.

PLEASE TAKE FURTHER NOTICE that this office does not consent to service by telecopy or fax, unless otherwise stipulated.

Dated: August 22, 2007

_____
SAMUEL VIRUET, ESQ.
Attorney for Defendant
191 E. 161 St.
Bronx, NY 10451
(718) 588-6400

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

J & J SPORTS PRODUCTIONS, INC.
As Broadcast Licensee of the JUNE 5, 2004
DeLaHoya/Sturm Program,           Plaintiff

- against -

HECTOR M. RODRIGUEZ, Individually, and as an
officer, director, shareholder and/or principal of
PUERTO RICAN NATURAL RESTAURANT INC.,
d/b/a PUERTO RICAN NATURAL RESTAURANT,
and PUERTO RICAN NATURAL RESTAURANT
INC., d/b/a PUERTO RICAN NATURAL RESTAURANT,
                                               Defendants
-----------------------------------------------------------------

Case No. 07 CIV 6911
JUDGE STANTON

*Verified Answer
and
Demand for Discovery*



191 East 161 St.
Bronx, NY 10451
(718) 588-6400


LONSTEIN LAW OFFICE, PC
1 Terrace Hill: PO Box 351
Ellenville, NY 12428
(845) 647-8500

11